PHILLIP A. TALBERT
United States Attorney
TIMOTHY H. DELGADO
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**

JUL 5 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE UNITED STATES' APPLICATION FOR AN ORDER DIRECTING METRO PCS TO DISCLOSE RECORDS AND OTHER INFORMATION PERTAINING TO THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (707) 552-7545 | CASE NO. 2:17-SW-594-KJN<br><br>APPLICATION |

### I. APPLICATION

The United States, moving by and through Assistant United States Attorney Timothy H. Delgado, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order under 18 U.S.C. § 2703(d). The proposed order would require Metro PCS, a wireless telephone service provider headquartered in Richardson, Texas, to disclose records and other information pertaining to the cellular telephones assigned call number (707) 552-7545, as described further in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed order. In support of this application, the United States asserts:

### II. LEGAL BACKGROUND

1. Metro PCS is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Metro PCS to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); *see also* 18 U.S.C.

§ 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, this Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i)-(ii).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). The next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

### III.  RELEVANT FACTS

4. The United States government, including the Federal Bureau of Investigation, is currently investigating Jonathan Shane Blakeley and Gerald Jerome Luckey for each possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

5. The following information was provided to me by FBI Special Agent John Gerges.

6. On May 24, 2017, Vallejo Police Officer/Detective Jarrett Tonn was monitoring the Snap Chat account, "bandcamp4eva." Law enforcement knows that this account is being used by Jonathan Blakeley, who has been arrested in Solano County previously. Blakeley has posted photos to this account of himself driving a silver Nissan, as well as videos of himself holding a firearm. Many of the photos and videos are "selfie" style with Blakeley self-filming.

7. As Detective Tonn was monitoring the Snap Chat account, he saw Blakeley post a video in which he [Blakeley] appeared to be driving in a silver Nissan. Gerald Luckey, who is also known to law enforcement in Solano County, was sitting in the front passenger's seat. In the video, Luckey had a black Glock pistol and a silver/black pistol on his lap. In the background, Detective Tonn heard Blakeley make a comment about a Glock. A records check revealed that Blakeley was a convicted felon and on probation for California Penal Code, Section 29800 (unlawful possession of a firearm). California DMV

1 records showed that Blakeley also had a suspended California driver's license.

2     8.     On the day in question, Detective Tonn and Detective Kevin Barreto were working uniformed enforcement in the area of Solano Avenue and I-80 in Vallejo. Detective Barreto was driving. Their black Crown Victoria patrol vehicle was equipped with spotlights, a forward-facing steady red light, forward-facing flashing red and blue lights, and a working siren.

     9.     At around 6:13 p.m., Detective Tonn saw a silver Nissan Versa (California license plate 7VLP996) being driven by Blakeley, enter westbound I-80 from Solano Avenue. There were three occupants in the car. It was later determined Gerald Luckey was in the front passenger's seat. Detective Barreto activated his emergency lights and siren in an attempt to effect a traffic stop on the Nissan. The Nissan accelerated and fled west on I-80. The Nissan merged from the number 2 lane over into the number 3 lane without signaling, forcing other cars to swerve to avoid a collision. Blakeley then took the Westbound Curtola Parkway exit. As soon as the car merged from I-80 onto Curtola Parkway, Luckey was seen throwing a pistol out of the Nissan's front passenger window. Detective Tonn radioed for additional units to recover the gun.

     10.    The Nissan then turned North onto Lemon Street, accelerating as it drove, and then went east on Benicia Road, crossing completely into the westbound lane as it did so. At that point in the pursuit, Detective Tonn observed Blakeley reach his left arm of the front driver's side window and making a throwing motion over the top of his car's roof, which Detective Tonn identified as a handgun leaving Blakeley's hand, and fly over the top of the car as he was crossing the overpass eastbound over I-80 on Benicia Road. The pistol hit the protective fence on the overpass and fell to the ground. Once again, Detective Tonn radioed for additional units to recover this handgun.

     11.    The Nissan drove North on Steffan Street from Benicia Road, driving through a steady red light. The Nissan failed to stop at the stop sign at Steffan Street at Buss Street, driving through it at approximately 35 mph. The Nissan had to drive onto the grass on the right side of the lane to avoid a collision at the intersection. The Nissan continued north on Steffan Street until Florida Street, where it went west and merged onto eastbound I-80. At that point, the Nissan swerved in front of several vehicles, requiring them to take evasive action to avoid collisions. The Nissan then continued east on I-80, past where eastbound Highway 37 merges onto eastbound I-80. The Nissan then swerved right

across several lanes of traffic and stopped on the outside shoulder of I-80, at which point, it made a U-turn and drove west on Eastbound I-80. The Nissan passed within 20 feet of Detective Toon and Detective Barreto's front bumper, and they were able to clearly identify the driver as Blakeley, and the front passenger as Luckey. When the Nissan passed the patrol vehicle, the man sitting in the front passenger seat was the same African-American male who was sitting in the front passenger seat in the Snap Chat video earlier that day.

12. Blakeley and Luckey were not apprehended and the chase was discontinued.

13. Afterwards, both pistols were recovered and appeared to be the same guns depicted in the Snap Chat video. Law enforcement recovered a black Glock at Lemon/Curtola, where Luckey tossed the first firearm. Officers also recovered a silver/black Taurus at the I-80 overpass on Benicia Road, where Blakeley tossed the second firearm. Both guns were unregistered and had scuff marks consistent with being thrown from a moving vehicle and hitting the pavement at high speeds. Both pistols were unloaded when found.

14. After the pursuit, Officer Tonn continued to monitor Blakeley's Snap Chat account. A video was posted later that day, in which Blakeley said, "we lost them both, but got my bitch ass out of there though, you hear me, bars, Nascar." It appeared Blakely was referring to "losing" (slang for discarding) both guns that were recovered. The reference to "Nascar" is street slang for leading police on a vehicle pursuit at high speeds.

15. Records from the Vallejo Police Department and the web-based Known Person Finder suggest that Blakeley may be using as many as four different telephone numbers. These numbers and their respective service providers are as follows: (1) 707-641-3049 [Metro PCS]; (2) 510-691-3274 [Sprint PCS]; (3) 916-949-8716 [Sprint PCS]; and (4) 707-552-7545 [AT&T].

16. To further confirm Blakeley's travel route on May 24, 2017, as well as his whereabouts and any other non-content based wire and electronic contacts he may have had before his encounter with law enforcement on that day, investigators need to gather the records and other information described in Part II of Attachment A to the proposed order.

///

///

17.     <u>This request is limited to 8 days of records</u>. Recently, the Supreme Court granted certiorari in *Carpenter v. United States*, No. 16-402 (cert granted June 5, 2017). In that case, which will be argued in October Term 2017, the Court will consider whether the government's acquisition of **127 days** of historical cell-site records from a third-party cellular service provider under 18 U.S.C. 2703(d) violates the subscriber's Fourth Amendment rights. The government notes that the instant request is limited to **8 days** of records. This includes: (1) the six days preceding May 24, 2017; (2) May 24, 2017 (the day of the Snap Chat posts, the weapons possession, and vehicle pursuit); and (3) May 25, 2017 (the day after the weapons possession; also the day Blakeley was apprehended by law enforcement).

## IV.     GOVERNMENT REQUEST

18.     The facts set out above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, this information will help the United States determine when, where, and from whom Blakeley obtained the firearms at issue in this case. Accordingly, the United States requests that Metro PCS be directed to produce all items described in Part II of Attachment A to the proposed order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 5, 2017

PHILLIP A. TALBERT
United States Attorney

By: _____
TIMOTHY H. DELGADO
Assistant United States Attorney